UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK WHITE,<br>    Petitioner, | :<br>:<br>: |
| v. | :   Case No. 3:24-cv-205 (VAB) |
| JESUS GUADARAMA,<br>    Respondent. | :<br>:<br>: |

**RULING AND ORDER**

Mark White ("Petitioner"), a pretrial detainee incarcerated at MacDougall-Walker Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his extradition to Connecticut, his incarceration under a high bond, and the lack of indictment by a grand jury. The Respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies and as barred by *Younger v. Harris*, 401 U.S. 37 (1971).

For the following reasons, the motion to dismiss is **GRANTED** and the petition is dismissed without prejudice.

I. **BACKGROUND**

Based on the transcripts of state court hearings submitted by the Respondent, the following state court proceedings occurred.

On March 2, 2022, Mr. White was arrested, and then was presented in state court the following day. After considering Mr. White's history and his transport to Connecticut from another state, judge set bond for him at $1,000,000.00. *See* Resp't's Mem. App. B, ECF No. 13-2, at 4.

On March 18, 2022, after the case had been transferred to the Part A docket, Mr. White, through counsel, waived the time limit within which to hold a probable cause hearing and waived time limits for speedy trial purposes. The waivers were indefinite—not to conclude until Mr. White requested that the waivers be terminated. *Id.* App. C, ECF No. 13-3 at 3.

On September 28, 2022, Mr. White waived a probable cause hearing. The court accepted the waiver after canvassing Mr. White. *Id*. App. D, ECF No. 12-4, at 1, 3. Sometime before November 22, 2022, the State had made a preliminary plea offer, but at the request of Mr. White's attorney, had not demanded that Mr. White accept or reject the offer because counsel wanted to conduct further investigation before the decision was made. *Id*. App. E, ECF No. 13-5, at 1-2.

On August 15, 2023, the court noted that the case remained in pretrial status and advised Mr. White to decide how he wanted to proceed by the next court date of October 10, 2023. *Id*. App. I, ECF No. 13-9, at 2.

On October 10, 2023, Mr. White rejected the plea offer. The court accepted his rejection after canvassing Mr. White. *Id.* App. J, ECF No. 13-10, at 2-3.

On March 11, 2024, new counsel noted that he had requested that the case be removed from the trial list because he had only recently become involved in the case and wanted to confer with the prosecutor. *Id.* App. K, ECF No. 13-11, at 2.

On April 22, 2024, the court returned the case to the trial list. *Id.* App. L, ECF No. 13-12, at 1.

## II. STANDARD OF REVIEW

A prisoner in state custody generally must challenge his confinement in a habeas petition filed under 28 U.S.C. § 2254. However, this relief is available to pretrial detainees challenging the constitutionality of their detention under section 2241. *York v. Shannon*, No. 22-CV-2663(PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022).

"While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate the principles of federalism." *Petties v. Riviezzo*, No. 20-CV-350(ALC), 2020 WL 6748528, at *2 (S.D.N.Y. Oct. 2, 2020) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) (internal quotation marks omitted)); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (requiring exhaustion of available state court remedies prior to filing section 2241 petition challenging detention on pending criminal charges pursuant to state detainer); *Brown v. Barry*, Civil Action No. L-12-1159, 2012 WL 1476081, at *1 (D. Md. Apr. 26, 2012) (dismissing section 2241 petition challenging extradition because petitioner had not challenged validity of extradition arrest warrant in demanding state); *Whelan v. Noelle*, 966 F. Supp. 992, 997-99 (D. Or. 1997) (requiring exhaustion for section 2241 habeas petition challenging extradition).

## III. DISCUSSION

Mr. White includes six grounds for relief in his petition: (1) Mr. White was extradited for a second time on this charge, without a grand jury indictment, a bill of particulars, reasonable bail, or a speedy trial; (2) two extraditions, in 2010 and 2021, without a grand jury indictment

3

violates his right to due process; (3) the State of Connecticut failed to prosecute him after the 2010 extradition, and has imprisoned him for 27 months following the 2021 extradition; (4) Connecticut failed to call a grand jury; (5) excessive bond; and (6) insufficient evidence. For relief, Mr. White seeks an order for reasonable bond and an immediate trial.

The Respondent moves to dismiss the petition on three grounds: (1) the Court should abstain from entertaining the petition under *Younger v. Harris*, 401 U.S. 37 (1971); (2) Mr. White has not exhausted his state court remedies on any ground for relief; and (3) some of Mr. White's claims are not cognizable in a federal habeas petition.

The Court will address each issue in turn.

### A.     *Younger* Abstention

In *Younger*, the Supreme Court recognized "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41. *Younger* abstention is mandatory in cases where it applies. *See Juidice v. Vail*, 430 U.S. 327, 338 (1977). The Supreme Court has applied *Younger* abstention in three categories of cases: (1) state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).

The issue in *Younger* was a federal injunction of a pending state criminal prosecution and the decision was based on proper respect for state functions, *i.e.*, comity. Courts, however, have applied the same considerations to petitions seeking federal habeas corpus relief from a state

criminal prosecution. *See Jones v. Walker*, No. 22-CV-0993(LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) (citing *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (a case applying *Younger* in a habeas action)); *Robinson v. Sposato*, No. CV-11-0191(SJF), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494 (1973) (noting that no holding of the Supreme Court would "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). As Mr. White's issues relate to his state criminal prosecution and he appears to be asking the Court to intervene in that prosecution, this case falls within the first category. Thus, the Court must determine whether *Younger* abstention applies.

Once the court determines that the state court case falls within one of the three categories, the court considers three factors to determine whether *Younger* abstention is warranted: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

By identifying himself as a pretrial detainee, Mr. White indicates that the state criminal prosecution is ongoing. Indeed, the Respondent has submitted evidence showing that the case is on the trial list. The second condition, an important state interest, is satisfied whenever a party seeks to enjoin a state criminal prosecution. *See Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests: *Younger* itself settled the importance of the state's interest in criminal proceedings."). Finally, the third condition is satisfied because, should Mr. White be convicted, he may raise his

constitutional claims on direct appeal or other collateral attack on his conviction in state court. *See Tyson v. Clifford*, No. 3:18cv1600(JCH), 2018 WL 6727538, at *4 (D. Conn. Dec. 21, 2018) (plaintiff "not precluded from challenging any subsequent conviction or sentence on appeal to the Connecticut Appellate and Supreme Courts, filing a habeas petition in the Connecticut Superior Court, and following that, a habeas petition in federal court."); *Robinson*, 2012 WL 1965631, at *3 (direct appeal or collateral attack provide "ample opportunity for review of petitioner's constitutional claim in state court"); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 317 (E.D.N.Y. 2006) (plaintiff can raise arguments on appeal once state court judgment is entered). Thus, abstention is warranted.

Despite this strong policy in favor of abstention, the district court may intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. The exceptions are construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.* at 53. In all cases, the petitioner bears the burden of showing that one of these exceptions applies. *See Kirschner v. Klemons*, 225 F.3d 227, 235-36 (2d Cir. 2000).

Mr. White alleges having been extradited to Connecticut in 2010 on this same charge, but that the State abandoned the action at presentment. Mr. White characterizes the abandonment of the earlier prosecution and the renewed charge as bad faith to overcome abstention. He contends that "the State issued a de facto acquittal," and that this prosecution constitutes double jeopardy. ECF No. 17 at 8.

"The Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.'" *Evans v. Michigan*, 568 U.S.

313, 318 (2013) (citation omitted). The Supreme Court has "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Id*. Thus, an "acquittal" includes "a ruling by the court that the evidence is insufficient to convict," a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability," and any other "rulin[g] which relate[s] to the ultimate question of guilt or innocence." *Id.* at 319 (citations omitted).

But Mr. White does not identify any ruling of the state court. He alleges that the prosecution elected not to pursue the charge. Without "an adjudication of elements of the offense charged, in a way that reflects a genuine risk of conviction" there is insufficient evidence to support a double jeopardy claim. *United States v. Dionisio*, 503 F.3d 78, 83 (2d Cir. 2007) (affirming denial of motion to dismiss on double jeopardy grounds; "[T]he key issue, even in a pretrial context, is whether the disposition of an individual's indictment entailed findings of fact on the merits such that the defendant was placed in genuine jeopardy by the making of such findings."), *cert. denied*, 555 U.S. 825 (2008); *accord Wang v. Withworth*, 811 F.2d 952, 957 (6th Cir. 1987) ("As long as the trial court's determination was a resolution, correct or not, of the sufficiency of the evidence in the defendant's favor, this court may construe the determination as a de facto acquittal" (citing *U.S. v. Martin Linen Supply Co*., 430 U.S. 564, 570-71 (1977))). As Mr. White identifies no such findings of fact, the decision not to pursue the murder charge in 2010 does not constitute a de facto acquittal and does support a claim of double jeopardy to show bad faith in connection with the current prosecution.

Mr. White also challenges the sufficiency of the evidence against him, implying that the State is relying on information from unreliable prison informants. A bad faith prosecution

7

requires, however, that the prosecution proceed in the absence of any hope of obtaining a conviction. *See Diamond "D" Constr. Co.*, 282 F.3d at 198 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Although Mr. White does not consider the evidence reliable, he has not shown that the State does not anticipate a conviction.

Mr. White has recourse to raise any issues regarding the alleged denial of a speedy trial, presumably the basis for his claim of lack of good faith prosecution, on appeal and has a state remedy to address his claim of excessive bond. *See State v. Malone*, 346 Conn. 552, 562, 292 A.3d 1247, 1252 (2003) (denial of speedy trial); *State v. Pan*, 345 Conn. 922, 946-59, 291 A.3d 82, 100-07 (2022) (excessive bail). Thus, the only extraordinary circumstance is Mr. White having to defend against a criminal prosecution. Courts consistently hold that this burden does not establish irreparable harm to warrant equitable relief. *See Davis*, 851 F.2d at 77 (burden of defending criminal prosecution is insufficient without more to constitute irreparable harm); *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 635 (D. Conn. 1999) ("That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in irreparable harm warranting this court to refuse to apply the doctrine of *Younger* abstention . . . ."). Thus, the exception is not warranted.

Accordingly, consistent with *Younger*, the Court will abstain from considering this case.

### B.     Exhaustion of State Court Remedies

Further, even if *Younger* abstention did not apply, Mr. White has not exhausted his state court remedies on any of his grounds for relief. As indicated above, the federal courts apply the same exhaustion requirements to section 2241 petitions as they do to section 2254 petitions. *See*

*Clemente v. Connecticut*, No. 3:21-cv-408(JAM), 2022 WL 527757, at *2 (D. Conn. Jan. 27, 2022).

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1); *see also Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."). He must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005).

To properly exhaust his claim, the petitioner must present the factual and legal bases of

the claim to the state court. *See Daye v. Attorney General of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted).

The Respondent argues that Mr. White has filed no actions in state court challenging his confinement. Mr. White does not contest that assertion. Instead, he rejects the exhaustion requirement for section 2241 petitions, and challenges the Respondent's argument that Conn. Gen. Stat. § 54-166 affords him an opportunity to challenge his extradition. Mr. White is correct. Section 54-166 provides a vehicle for a person in Connecticut to challenge an order that he be extradited to another state.

But it does not provide the opposite relief. As the Connecticut Supreme Court has explained:

> In the extradition context ... a detainee's fundamental purpose in seeking a writ of habeas corpus is not to challenge his confinement in the asylum state but, rather, to contest the extradition efforts of the requesting state. Indeed, because a habeas petition is the appropriate vehicle for contesting extradition, see General Statutes § 54-166, the petitioner would have been required to file a habeas petition to challenge this state's efforts to extradite him .... Finally, in the event that a detainee fails to defeat extradition, he retains the full panoply of rights and protections guaranteed under the constitution and laws of the requesting state to challenge his arrest and confinement.

*Hammond v. Commissioner of Corr.*, 259 Conn. 855, 883-84, 792 A.2d 774, 793 (2002). In other words, to challenge the 2021 extradition, Mr. White had to file a petition for writ of habeas corpus in New Mexico, the asylum state. He chose not to do so. Now his recourse is to challenge his arrest and confinement in Connecticut, which he has not done.

Accordingly, the petition also could be dismissed for failure to exhaust state court

remedies. *See York v. Shannon*, No. 22-CV-3663(PKC), 2022 WL 16715921, at *2 (E.D.N.Y. Nov. 4, 2022) (stating that failure to exhaust state court remedies in either state warranted dismissal of habeas petition challenging extradition from state custody in Florida to state custody in New York).

### C. Lack of Grand Jury Indictment

Finally, the Respondent argues that Mr. White's failure to be indicted by a grand jury claim is not cognizable in a federal habeas petition.

The Court agrees.

The Supreme Court has held that the state may commence a prosecution based on an information rather than indictment by a grand jury. *See Hurtado v. People of State of Cal.*, 110 U.S. 516, 538 (1884); *Allen v. Capra*, No. 20-cv-4600(LJL), 2021 WL 2206466, at *5 (S.D.N.Y. June 1, 2021) (no federal constitutional right to indictment by a grand jury in a state prosecution not cognizable in a federal habeas proceeding) (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss [**ECF No. 12**] is **GRANTED**, and the petition is dismissed without prejudice.

Because jurists of reason would not find it debatable that Mr. White failed to exhaust his state court remedies on all grounds asserted in this petition or that the petition is barred under *Younger v. Harris*, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural

grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 2nd day of August 2024.

                                            */s/ Victor A. Bolden*
                                            Victor A. Bolden
                                            United States District Judge